UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:

Barnett Corporation, *et al.*,

                            Debtor.

Case No.: 8-22-73623-AST
Chapter 7

-------------------------------------------------------------------------x
Allan B. Mendelsohn, Solely In His
Capacity As Chapter 7 Trustee Of The Estates Of
Barnett Corp. and Barnett Forest LLC,

                          Plaintiff,

        - against -

Dole Fresh Fruit Company,

                        Defendant.

Adv. Pro. No.: 8-24-08121-AST

-------------------------------------------------------------------------x

# ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO DIMISS AND GRANTING CHAPTER 7 TRUSTEE LEAVE TO REPLEAD WITH GREATER <u>PARTICULARITY UNDER FED. R. CIV. PRO. RULE 8, 9(b), and 15</u>

Pending before the Court is the motion of Dole Fresh Fruit Company ("Defendant" or "Dole"), to dismiss the complaint of Allan B. Mendelsohn, Solely In His Capacity As Chapter 7 Trustee of the Estates of Barnett Corp. ("Barnett") and Barnett Forest LLC (collectively, the "Debtors" or "Barnett Entities" or "Plaintiff"). Defendant seeks dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "F.R.C.P."), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). For the reasons set forth below, Defendant's motion is partially and conditionally granted.

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (O), and 1334(b), and the Standing Orders of Reference in effect in the

Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2022, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code[1] [Case No. 22-73623, Dkt. No. 1; Case No. 22-73624, Dkt. No. 1]. On the same day, Allan B. Mendelsohn (the "Trustee") was appointed as the Chapter 7 Trustee in both cases.

On January 10, 2023, the Trustee filed a Motion for Joint Administration of the Debtors' cases [Case No. 22-73623, Dkt. No. 12; Case No. 22-73624, Dkt. No. 13].

On January 24, 2023, the Court held a hearing and granted the Trustee's Motion for Joint Administration.

On January 27, 2023, the Court entered an order consolidating the Debtors' cases to be jointly administered under Case No. 22-73623 with the caption name, "Barnett Corporation, et. al." [Case No. 22-73623, Dkt. No. 33; Case No. 22-73624, Dkt. No. 26].[2]

On December 13, 2024, the Trustee commenced the above captioned adversary proceeding (the "Adversary") by filing a complaint against Dole (the "Complaint") [Adv. Pro. No. 24-08121, Dkt. No. 1] The Complaint alleges the following eleven (11) causes of action regarding a total of $22,204,155.41 of Barnett's property that was allegedly transferred to Dole (the "Transfers"):

- Fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

- Fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code").
[2] All future references to the docket reference the jointly administered case under Case No. 22-73623.

- Fraudulent conveyances pursuant to former New York Debtor & Creditor Law ("NYDCL") § 273;
- Fraudulent conveyances pursuant to former NYDCL § 274;
- Fraudulent conveyances pursuant to former NYDCL § 275;
- Fraudulent conveyances pursuant to former NYDCL § 276;
- Fraudulent transfers pursuant to NYDCL § 273(a);
- Fraudulent transfers pursuant to NYDCL § 274;
- Unjust enrichment;
- Money had and received; and
- Disallowance of claims under 11 U.S.C. §§ 502(d) and (j).

On May 12, 2025, Dole filed a motion to dismiss the Complaint under F.R.C.P. 12(b)(6) (the "Motion") [Adv. Pro. No. 25-08121, Dkt. No. 14]. In the Motion, Dole argues the following: (1) the Trustee failed to establish a prima facie claim for both actual and constructive fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(A), (B), and both the former and current NYDCL; (2) with respect to the unjust enrichment and money had and received claims, the Trustee failed to meet their pleading standard under F.R.C.P. 9(b); and (3) the claim seeking disallowance of claims under 11 U.S.C. §§ 502(d) and (j) should be dismissed because Dole has made no claim against the Barnett estate.

On June 5, 2025, the Trustee filed an opposition to the Motion (the "Opposition"), asserting that all claims within the Complaint were sufficiently plead to satisfy F.R.C.P. 12(b)(6) [Adv. Pro. No. 24-08121, Dkt. No. 18].

## DISCUSSION

*1. Legal Standard*

Dole's Motion is based on F.R.C.P. 12(b)(6), as incorporated by Bankruptcy Rule 7012. This Court has previously addressed the application of Rule 12(b)(6) and the flexible pleading standing established by the Supreme Court in several published decisions. See *In re Christodoulakis*, 2019 WL 360064, at 6* (Bankr. E.D.N.Y. Jan. 25, 2019), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); see also *Am. Honda Fin. Corp. v. Ippolito* (*In re Ippolito*), 2013 WL 828316, at *3–4 (Bankr. E.D.N.Y. Mar. 6, 2013); *In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011).

Under the Supreme Court's *Iqbal*/*Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 556; see also *Cleavland v. Caplow Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice[,]" accordingly, a court will not "accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678–79 (citing FED. R. CIV. P. 8(a)(2)). Further, in deciding Dole's Motion, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits and matters of which this Court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); see also *Int'l Tobacco Partners, Ltd.*, 462 B.R. at 385 (courts may "consider documents that are integral to the complaint in deciding a motion to dismiss.").

2. **11 U.S.C. § 548(a)(1)**

    a. **11 U.S.C. § 548(a)(1)(A)**

Under § 548(a)(1)(A) of the Bankruptcy Code, a trustee may avoid any transfer that was made on or within two (2) years before a debtor's petition date if the debtor made such transfer with the actual intent to hinder, delay, or defraud any entity to which the debtor became indebted to. 11 U.S.C. § 548(a)(1)(A); *McCord v. Ally Financial, Inc.* (*In re USA United Fleet, Inc.*), 559 B.R. 41, 57 (Bankr. E.D.N.Y. 2016) (quoting *McHale v. Boulder Capital LLC* (*In re 1031 Tax Grp., LLC*), 439 B.R. 47, 68 (Bankr. S.D.N.Y. 2010). It is the Debtor's intent in making the transfers which must be examined, not Dole's in receiving them. See *O'Connell v. Pers. Fin. Services, Inc.* (*In re Arbco Cap. Mgmt., LLP*), 498 B.R. 32, 41 (Bankr. S.D.N.Y. 2013); *Gowan v. The Patriot Grp., LLC* (*In re Dreier LLP*), 452 B.R. 391, 423 (Bankr. S.D.N.Y. 2011); *Nisselson v. Softbank AM Corp.* (*In re MarketXT Holdings Corp.*), 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007). To adequately plead an actual or intentional fraudulent transfer claim under the

Bankruptcy Code, a party must allege, "[1] the property that was conveyed; [2] the timing and, if applicable, frequency of the transfer; and [3] the consideration (if any) paid for the transfer." *In re Arbco Capital Mgmt., LLP*, 498 B.R. at 40.

Pursuant to F.R.C.P. 9(b), made applicable here by Rule 7009 of the Bankruptcy Rules, claims for actual fraudulent transfers are subject to the stricter standard of "particularity." *45 John Lofts, LLC v. Meridian Capital Group LLC* (*In re 45 John Lofts, LLC*), 599 B.R. 730, 739 (Bankr. S.D.N.Y. 2019). Courts acknowledge that meeting this heightened standard can be difficult and have thus allowed plaintiffs to rely on circumstantial evidence and "badges of fraud" to support their case. *Id*. at 740; *Sharp Int'l Corp. v. State St. Bank & Tr. Co.* (*In re Sharp Int'l Corp.*), 403 F.3d 43, 56 (2d Cir. 2005). However, courts will also take a more liberal view of this standard and view the totality of the circumstances in cases where the action was commenced by a bankruptcy trustee since the trustee is an outsider to any alleged transaction. *Mendelsohn v. The Dalton Sch., Inc.*, (*In re Molina)*, 657 B.R. 172, 182 (Bankr. E.D.N.Y. 2023) (quoting *Tese-Milner v. Kim* (*In re Level 8 Apparel, LLC*), No. 16-13164 (JLG), 2021 WL 279620, at *5 (Bankr. S.D.N.Y. Jan. 26, 2021)).

Here, the Trustee has failed to meet their pleading standard as set forth under F.R.C.P. 9(b). In the Complaint, the Trustee makes several allegations regarding Barnett's financial situation and the apparent company-wide fraud that was occurring. However, the Trustee failed to allege with any particularity how Debtor made these specific transfers with the actual intent to hinder, delay, or defraud its creditors. The Trustee attempts to support their allegations by describing the general fraud Barnett and its principal, Jason Rosenthal, were purportedly conducting. See Complaint ¶¶ 20 – 25. However, absent from the Complaint is any allegation that the specific transfers mentioned in the Complaint were done with any intent to defraud

Barnett's creditors. See *Geron v. Central Park Realty Holding Corp.* (*In re Nanobeak Biotech Inc.*), 656 B.R. 350, 366 (Bankr. S.D.N.Y. 2024) ("[F]raudulent intent must still be intent to defraud *creditors*. Though the transferor may have generated funds fraudulently … the transferor is not necessarily acting to hinder, delay or defraud, creditors.").

Furthermore, the only factual matter offered by the Trustee that the Transfers were a part of the Debtor's fraudulent scheme is wholly conclusory: "[t]he Transfers were made as part of Rosenthal's scheme involving the above referenced Fictitious Receivables and Converted Receivables." Complaint ¶ 29. The statement that "Barnett's books and records do not appear to contain purchase orders or invoices or other documentation to indicate a proper basis for the Transfers" does little to raise an inference of actual intent in considering the totality of the circumstances. Complaint ¶ 36. This lack of particularity with respect to the Transfers is insufficient to meet the pleading standards outlined under F.R.C.P. 9(b). The Trustee must plead specific and particular facts that, if true, would show that Debtor made these transfers with actual intent to defraud Barnett's creditors.

### b. 11 U.S.C. § 548(a)(1)(B)

With respect to a claim for constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), the plaintiff must demonstrate that "within two years of the petition date" the defendant (1) "transferred an interest in property," (2) "received less than reasonably equivalent value in exchange for such transfer," and (3) was (a) "insolvent at the time of the transfer or became insolvent as a result of the transfer," (b) "engaged in business or about to engage in business for which the defendant's remaining property was an unreasonably small capital," or (c) "intended to incur or believed that it would incur debts beyond its ability to pay as the debts matured." *Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A.* (*In re M.*

*Fabrikant & Sons, Inc.*), 394 B.R. 721, 735 (Bankr. S.D.N.Y. 2008). "Fair consideration" may be established by showing either (1) a lack of fair or reasonably equivalent value or (2) a lack of good faith on the part of the transferee. *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 110 (Bankr. S.D.N.Y. 2011) (citations omitted).

Constructive fraud claims brought under 11 U.S.C. § 548(a)(1)(B) must satisfy the general pleading requirements of Rule 8, made applicable here by Bankruptcy Rule 7008. FED. R. CIV. P. 8; see *In re Flywheel Sports Parent, Inc.*, 2023 WL 2245382, at *5 (Bankr. S.D.N.Y. Feb. 27, 2023). The Rule 8 general pleading standard requires that an allegation of constructive fraud contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief[.]" FED. R. CIV. P. 8.

Here, even when all proper inferences are drawn in favor of the Trustee as the non-moving party, the allegations in the Complaint brought under 11 U.S.C. § 548(a)(1)(B) do not contain sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). The Trustee's allegations as to the value Barnett received in exchange for the Transfers fail to meet the *Iqbal*/*Twombly* standard. While the Trustee alleges "[t]he Transfers were made as part of Rosenthal's scheme involving the above referenced Fictitious Receivables and Converted Receivables[,]" Complaint ¶ 29, and "Barnett's books and records do not appear to contain purchase orders or invoices or other documentation to indicate a proper basis for the Transfers[,]" Complaint ¶ 36, these allegations fail to address how much value Barnett received from Dole for the Transfers and the reasonableness of such value.

Further, while the Trustee attached a table of transfers to the Complaint, *see* Complaint, Exhibit A, he does not provide any factual support for the assertion that Barnett did not receive "reasonably equivalent value" for the transfers. The table only shows how many transfers were

8

made, when the transfers were made, and how much was transferred on each date. Therefore, the Trustee has not met the *Iqbal*/*Twombly* standard nor the Rule 8 burden with respect to the cause of action brought under 11 U.S.C. § 548(a)(1)(B). The Trustee must plead facts which, if accepted as true, would allow the Court to draw a reasonable inference that Barnett did not receive reasonably equivalent value in exchange for the Transfers.

### 3. *New York Debtor-Creditor Law and the New York Uniform Voidable Transactions Act*

As stated previously, the Complaint alleges causes of action under both the former and current NYDCL. The current NYDCL went into effect on April 4, 2020, via the enactment of the New York Uniform Voidable Transactions Act (the "NYUVTA") and effectively replaced the former NYDCL. *Mendelsohn v. Nationstar Mortgage* (*In re Hong*), 2022 WL 17980826, at *6, n.2 (Bankr. E.D.N.Y. Dec. 28, 2022) ("The [NYUTVA], which replaced the [NYDCL], became effective on April 4, 2020 and applies to transfers made or obligations incurred thereafter."). Thus, any transactions which occurred on or after April 4, 2020, are governed by the current NYDCL and any transactions which occurred before such date will be governed by the former NYDCL.

According to Exhibit A of the Complaint, from October 25, 2019, to March 24, 2020, eight (8) transfers totaling $6,265,155.41 were made from Barnett to Dole or Dole Fresh Fruit International Ltd. ("Dole Limited"). The remaining twenty-five (25) transfers totaling $15,939,000.00 were made from Barnett to Dole or Dole Limited from April 14, 2020, to April 21, 2022. Accordingly, the Court will analyze the first eight transfers under the former NYDCL and the latter twenty-five transfers under the current NYDCL.

    a. **Actual fraudulent transfers under NYDCL**

        i. **Former NYDCL § 276**

9

Under former NYDCL § 276, "[e]very conveyance made … with actual intent … to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law, § 276 (McKinney 2019). The requirements to adequately plead an actual or intentional fraudulent transfer claim is the same under former NYDCL § 276 and 11 U.S.C. § 548(a)(1)(A). See *In re 45 John Lofts, LLC*, 599 B.R. at 741 (citing *In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 733-35). Additionally, "to adequately plead a claim for actual fraudulent transfer under NYDCL § 276, the complaint must allege fraudulent intent *related to the transaction at issue.* Those allegations must be made with particularity to satisfy Rule 9(b)." *In re Nanobeak Biotech Inc.*, 656 B.R. at 366 (citing *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 351 F. Supp. 2d 79, 106-07 (S.D.N.Y. 2004)).

The Court's analysis outlined previously under 11 U.S.C. 548(a)(1)(A) is applicable to former NYDCL § 276. The Trustee has not met their pleading burden under F.R.C.P. 9(b) and thus, the Trustee must plead specific and particular facts that, if true, would show that Debtor made these transfers to Dole with actual intent to hinder, delay, or defraud Barnett's creditors.

### ii. Current NYDCL § 273(a)(1)

Under current NYDCL § 273(a)(1), "[a] transfer … is voidable … if the debtor made the transfer … (1) with actual intent to hinder, delay or defraud any creditor of the debtor." N.Y. Debt. & Cred. Law, § 273(a)(1) (McKinney 2025). Essentially, the only difference between current NYDCL § 273(a)(1) and former § 276 is the slight change in language as the prima facie elements are the exact same.

Similarly, the Court's analysis under 11 U.S.C. § 548(a)(1)(A) and former NYDCL § 276 is the exact same as here. The Trustee has failed to allege any specific facts regarding any of the transfers which occurred after April 4, 2020, that would imply that Debtor specifically acted with

10

any actual intent to defraud Barnett's creditors. Thus, the Trustee must plead specific and particular facts that, if true, would show that Debtor made these transfers with actual intent to hinder, delay, or defraud Barnett's creditors.

    b. **Constructive fraudulent transfers under NYDCL**

        i. **Former NYDCL §§ 273, 274, and 275**

Under former NYDCL § 273, "Every conveyance made … by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made … without a fair consideration." N.Y. Debt. & Cred. Law, § 273 (McKinney 2019).

Under former NYDCL § 274, "Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors … without regard to his actual intent. N.Y. Debt. & Cred. Law, § 274 (McKinney 2019).

Under former NYDCL § 275, "Every conveyance made … incurred without fair consideration when the person making the conveyance … intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law, § 275 (McKinney 2019).

Similar to 11 U.S.C. § 548(a)(1)(B), the former NYDCL "does not forbid transfers unless the debtor is left insolvent, left undercapitalized from a business venture, or believes he will incur debts beyond his ability to pay on maturity." *In re 45 John Lofts, LLC*, 599 B.R. at 741; N.Y. Debt. & Cred. Law, §§ 273–275 (McKinney 2019). However, unlike federal law, the former NYDCL states "that a transfer is fraudulent under [NYDCL] Section 273 and 274 unless it is made with 'fair consideration.'" *In re 45 John Lofts, LLC*, 599 B.R. at 741; N.Y. Debt. & Cred.

11

Law, §§ 273-274 (McKinney 2019). The same is true for causes of action brought under former NYDCL § 275. See *Picard v. Cohmad Securities Corp.* (*In re Bernard L. Madoff Inv. Securities LLC*), 454 B.R. 317, 333 (S.D.N.Y. 2011).

Here, similar to the Court's analysis under 11 U.S.C. § 548(a)(1)(B), even when all proper inferences are drawn in favor of the Trustee as the non-moving party, the allegations in the Complaint brought under the former NYDCL do not contain sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). The Trustee's allegations as to whether Barnett received fair consideration in exchange for the Transfers are purely conclusory. See Complaint ¶ 54 ("The Transfers were made without fair consideration.") and Complaint ¶ 55 ("The Transfers were made without good faith"). Further, the table of transfers attached to the Complaint, see Complaint, Exhibit A, does not provide any factual support for the assertion that Barnett did not receive "fair consideration" for the Transfers for the reasons discussed above. Therefore, the Trustee has not met his *Iqbal*/*Twombly* standard nor the Rule 8 burden with respect to the cause of action brought under the NYDCL. The Trustee must plead facts which, if accepted as true, would allow the Court to draw the reasonable inference that Barnett did not receive "fair consideration" in exchange for the Transfers.

### ii.  Current NYDCL §§ 273(a)(2) and 274

Current NYDCL § 273(a)(2) contains nearly the same exact language as 11 U.S.C. § 548(a)(1)(B): "(a) A transfer made … by a debtor is voidable as to a creditor … if the debtor made the transfer … (2) without receiving a reasonably equivalent value in exchange for the transfer … and the debtor: (i) was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the

12

debtor would incur, debts beyond the debtor's ability to pay as they became due." N.Y. Debt. & Cred. Law, § 273(a)(2) (McKinney 2025).[3]

Under current NYDCL § 274(a), "A transfer made … by a debtor is voidable as to a creditor whose claim arose before the transfer was made … if the debtor made the transfer … without receiving a reasonably equivalent value in exchange for the transfer … and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." N.Y. Debt. & Cred. Law, § 274 (McKinney 2025).

Here, the Court's analysis under 11 U.S.C. § 548(a)(1)(B) and former NYDCL §§ 273, 274, and 275 is the same. The Trustee must plead facts which, if accepted as true, would allow the Court to draw a reasonable inference that Barnett did not receive reasonably equivalent value in exchange for the Transfers.

Under current NYDCL § 274(b), "A transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." N.Y. Debt. & Cred. Law, § 274(b) (McKinney 2025).

Here, the Trustee's allegations fail to satisfy their burden in meeting the *Iqbal*/*Twombley* standard. Specifically, the Trustee failed to properly allege that Barnett was insolvent at the time of the transfers to Dole because all the allegations regarding insolvency are conclusory or do not

---

[3] The current NYDCL focuses on whether "reasonably equivalent value" was provided in exchange for the alleged transfers while the former NDYCL focuses on whether "fair consideration" was provided. However, the analyses under the former and current NYDCL are sufficiently similar such that the Court need not perform separate analyses for the pre-April 4, 2020 transfers and the post-April 4, 2020 transfers. *See In re Fun Bowl Vacations, Inc.*, 666 B.R. 867, 877 fn. 9 (Bankr. S.D.N.Y. 2025); *see also Makmudova v. Cohen*, No. 521869/2016, 2024 WL 3361238, at *7 (N.Y. Sup. Ct. July 10, 2024) ("The NYDCL, with the adoption of the UVTA, did not substantially change existing New York law . . ."); *Official Comm. of Unsecured Creditors v. Leucadia Nat'l Corp.* (*In re Vivaro Corp.*), 524 B.R. 536, 550 (Bankr. S.D.N.Y. 2015) ("Courts use the term 'fair consideration' interchangeably with 'reasonably equivalent value,'. . . when examining constructive fraud claims.") (citation omitted).

raise an inference that Barnett was insolvent at the time of the Transfers. Within the Complaint is a section titled "Barnett's Insolvency," where the Trustee explains the amount of money Barnett had borrowed from their lenders. Complaint ¶¶ 14-19. While irrelevant to the analysis, paragraphs 17 and 18 of the Complaint are exactly the same as 14 and 15. What is missing from this section is any allegation that Barnett was insolvent because of these credit agreements. Thus, this section fails to raise to the Court any inference that Barnett was insolvent due to these credit agreements.

Furthermore, the only other allegations of Barnett's insolvency are wholly conclusory. Paragraph 47 and 53 of the Complaint state respectively, "At the time of the Two-Year Transfers and/or as a result of such Two-Year Transfers, Barnett was insolvent." and "At the time of the Transfers, Barnett was insolvent or rendered insolvent by the Transfers." These statements do no more than recite the prima facie elements of the causes of action under the NYDCL and such statements do not satisfy the Rule 8 standard. In addition, these allegations combined with the subsection regarding Barnett's insolvency still fail to raise any inference of insolvency because the inference raised by the Trustee is that the credit agreements made the Debtors insolvent, not the Transfers.

### 4. *Unjust Enrichment and Money Had and Received*

To establish a claim for unjust enrichment, the plaintiff must assert that (1) the defendant was enriched, (2) at the debtor's expense, and (3) "equity and good conscience militate against permitting [the] defendant to retain what the plaintiff is seeking to recover." *O'Toole v. Karnani (In re Trinsum Grp., Inc.*), 460 B.R. 379, 395 (Bankr. S.D.N.Y. 2011). "A money had and received claim is essentially identical to an unjust enrichment claim and requires allegations that '(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be

14

permitted to keep the money.'" *Rynasko v. New York University*, 63 F.4th 186, 201 (2d Cir. 2023) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 125 (2d Cir. 1984)).

When causes of actions such as unjust enrichment and money had and received are based on fraudulent conduct, such claims must satisfy the heightened pleading standards of F.R.C.P. 9(b). *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023); *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022*); Stern v. Electrolux Home Products, Inc.*, 2024 WL 416495, at *4 (E.D.N.Y. Jan. 30, 2024); *Royal Host Realty, LLC v. 793 Ninth Avenue Realty, LLC*, 192 F.Supp.3d 348, 347 (S.D.N.Y. 2016); see also *Bauser v. Porsche Cars North Am., Inc.*, 2024 WL 2406884, at *12 (N.D. Ga. 2024) (applying New York law to apply Rule 9(b) to unjust enrichment and money had and received claims); *Abraham v. Am. Home Mortg. Serv.*, 947 F.Supp.2d 222, 230 (E.D.N.Y. 2013).

Here, due to the Complaint containing causes of action for both actual and constructive fraud, it is unclear whether the claims for both unjust enrichment and money had and received are based on Debtor's alleged fraudulent conduct. The Trustee must plead facts which, if true, would tend to show whether the claims for unjust enrichment and money had and received are based on a theory of actual fraud, constructive fraud, or both.

5.  ***Disallowance of Claims under 11 U.S.C. § 502(d) and (j)***

Section 502(d) provides that "the court shall disallow any claim of an entity . . . that is a transferee of a transfer avoidable under section . . . 548[.]" 11 U.S.C. § 502(d). Section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause[]" and that "[a] reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). To plead a legally sufficient claim for disallowance under 11 U.S.C. § 502(d), the Trustee must plead a legally sufficient avoidance claim and "a proof of claim must have

actually been filed in the case by the creditor whose claim the debtor seeks to disallow." *In re 45 John Lofts, LLC*, 599 B.R. at 750. If either of these two elements have not been met, "the Court must dismiss the disallowance causes of action." *Id.*

Here, Dole is "the creditor whose claim the debtor seeks to disallow[,]" but Dole has not filed a proof of claim. Thus, the Trustee has not met his *Iqbal*/*Twombly* and Rule 8 burden with respect to his cause of action brought under 11 U.S.C. §§ 502(d) and (j); thus, that claim is dismissed.

### *6.    Leave to Amend*

Federal Rule of Civil Procedure 15, as incorporated by Bankruptcy Rule 7015, governs motions to amend pleadings and provides: "the court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). This Court has previously stated that:

> [l]eave to amend should be denied upon a showing of prejudice or bad faith, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010), or where an amendment would be futile, *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir. 2001), but not simply because a plaintiff has failed to file a formal motion. *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992); *Khafaga*, 419 B.R. at 552-53.

*In re Ippolito*, 2013 WL 828316, at *5; see also *In re Martelloni*, 2013 Bankr. LEXIS 4554, at *16 (Bankr. E.D.N.Y. Oct. 31, 2013).

The Trustee has not filed a formal motion to amend the Complaint, nor has he requested leave to amend in the event this Court determines that one or more causes of action are insufficiently plead. However, in the exercise of its discretion, this Court has determined that the Trustee should be given leave to amend within a reasonable period of time.

## CONCLUSION

Based on the foregoing; it is hereby

**ORDERED**, that Dole's Motion is granted in part and conditionally granted in part as set

forth herein; and it is further

**ORDERED**, that the Motion is conditionally granted with leave to replead as to the causes of action brought for (1) actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A), (2) constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B), (3) fraudulent conveyances under both the former and current NYDCL, (4) unjust enrichment, and (5) money had and received; and it is further

**ORDERED**, that the Trustee shall have twenty-one (21) days from entry of this Order to replead with greater specificity as to those causes of action; should the Trustee fail to timely replead, those causes of action will also be dismissed; and it is further

**ORDERED**, that if an Amended Complaint is timely filed and served, Dole shall file and serve a responsive pleading within fourteen (14) days from service of the Amended Complaint; and it is further

**ORDERED**, that the Motion is granted as to the eleventh cause of action brought under 11 U.S.C. §§ 502(d) and (j).



Dated: February 13, 2026
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge